IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN P. DULA, | § | |
| | § | No. 374, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1301011571 (S) |
| STATE OF DELAWARE, | § | 0909010913 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 4, 2017
Decided: December 14, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 14th day of December 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Steven P. Dula, is incarcerated at the James T. Vaughn Correctional Center serving sentences imposed in 2011 and 2013. In August 2017, Dula filed motions seeking a modification and reduction of his Level V incarceration on the basis that he is suffering from a heart condition for which the Department of Correction has refused to provide adequate treatment. By order dated September 1,

2017, the Superior Court denied Dula's motions for modification and reduction of sentence.[1] This appeal followed.

(2) Motions for reduction or modification of sentence are governed by Superior Court Criminal Rule 35(b).[2] Rule 35(b) provides that a motion not filed within ninety days of sentencing will be considered "only in extraordinary circumstances" or under 11 *Del. C.* § 4217.[3] Section 4217 permits a reduction of sentence only upon application by the Department of Correction for "good cause" shown, which can include, among other things, "rehabilitation of the offender" and "serious medical illness."[4] The Department of Correction's application under section 4217 for a modification of sentence must certify that the offender's release shall not constitute a substantial risk to the community or to the offender.[5] An offender can initiate the discretionary process for determining his eligibility for a medical modification of sentence by submitting a request and required forms to the Department of Correction.[6]

---

[1] In the September 1, 2017 order, the Superior Court denied the motions and referred Dula's correspondence to the Department of Correction to address his concerns about medical treatment.
[2] Del. Super. Ct. Crim. R. 35(b).
[3] *Id. See* 11 *Del. C.* § 4217 (governing when jurisdiction to modify sentence is retained) (Supp. 2017).
[4] 11 *Del. C.* § 4217(b), (c).
[5] *Id.* (b).
[6] *See West v. State*, 2017 WL 2376399 (Del. May 31, 2017) (citing Department of Correction Bureau of Prisons Policy 3.32, § VI.C.1.).

(3) Dula argues on appeal that the Superior Court's denial of his motions for modification and reduction of sentence was an abuse of discretion. In support of his argument, Dula relies on a Superior Court decision from 2003, *State v. DeRoche*, where the court modified a sentence after determining the existence of extraordinary circumstances because the defendant was not given adequate medical care under 11 *Del. C.* § 6536.[7] Dula's reliance on the decision in that case is misplaced.

(4) The facts in Dula's case are analogous to those presented on appeal in *Valentine v. State*, where we held that the defendant's summary allegation of an untreated eye infection did not constitute extraordinary circumstances warranting a reduction of sentence under Rule 35(b).[8] Here, as in *Valentine v. State*, we hold that Dula's summary allegation that he has not received adequate treatment for a heart condition does not constitute extraordinary circumstances warranting a modification or reduction of sentence under Rule 35(b).[9]

(5) Under the plain language of Rule 35(b), 11 *Del. C.* § 4217 is the appropriate mechanism through which an offender may pursue a sentence modification based upon serious medical illness.[10] Dula asserts that the Department of Correction is unwilling to seek a medical modification of sentence on his behalf

---

[7] *State v. DeRoche*, 2003 WL 22293654 (Del. Super. Aug. 29, 2003).
[8] *Valentine v. State*, 2014 WL 7894374 at *2 (Del. Dec. 31, 2017).
[9] *Id.*
[10] *Cf. State v. Culp*, 152 A.3d 141, 146 (Del. 2016) ("Section 4217 is the appropriate mechanism through which an offender may pursue a sentence modification based upon rehabilitation.").

because he was convicted of sex crimes. Dula did not raise his assertion in the Superior Court, and he has not represented that he initiated the process to determine his eligibility for a medical modification of sentence by submitting a request and required forms to the Department of Correction.[11] For these reasons too, we affirm the Superior Court's judgment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[11] *See supra* note 6 (referencing Department of Correction Bureau of Prisons Policy 3.32, § VI.C.1.).